IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff/Respondent, <br><br> vs. <br><br> HUGH CLARENCE RIDGLEY, <br><br> Defendant/Movant. | Cause No. CR 11-75-GF-BMM <br> CV 14-71-GF-BMM <br><br> ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On October 3, 2014, Defendant/Movant Ridgley filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Ridgley filed a brief on November 3, 2014, and a supplement on March 11, 2015. Ridgley is a federal prisoner proceeding pro se.

**I. Preliminary Screening**

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court,* 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). "[I]t is the duty of the

1

court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On August 19, 2011, a grand jury handed down on indictment charging Ridgley and a co-defendant, Christopher Lakey, with one count of robbery of a Pizza Hut delivery driver, a violation of 18 U.S.C. §§ 1951(a) and 2 (Count 1); one count of brandishing a firearm during and in relation to a crime of violence, a violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (2) (Count 2); and one count of robbery of a Papa John's delivery driver, a violation of 18 U.S.C. §§ 1951(a) and (2) (Count 3). Ridgley was writted out of state custody on October 25, 2011, and appeared in this Court on that date. Pet. for Writ (Doc. 15); Writ (Doc. 17); Minutes (Doc. 19).

Ridgley moved before trial to dismiss the case for lack of federal jurisdiction under the Commerce Clause and on the grounds that he stole money from a private individual. He also sought a bill of particulars to determine in what way interstate commerce was affected. His motions were denied. Order (Doc. 81).

Jury trial commenced on December 13, 2011. The two robberies occurred in Havre and in Great Falls in January 2011. The driver involved in the Havre Pizza

Hut robbery, John Paranteau, testified that he approached an apartment building to deliver a pizza to a caller who had asked him to bring change for a $100 bill. Two men were waiting outside the building. One, who was wearing a ski mask, gestured to the other, who made a show of trying to find money in his pockets. The man in the ski mask then showed Paranteau he had what appeared to be a gun and told Paranteau he was being robbed. Paranteau described the unmasked man as a Native American with a pale face, long nose, and thin or stringy black mustache and beard, and a little taller than himself. That man took all the Pizza Hut money Paranteau had. When Paranteau viewed a six-man photo lineup, he said both No. 2 and No. 5 looked like the man who took the money, but he thought it was probably No. 2. No. 2 was Ridgley.

The driver in the Great Falls Papa John's robbery, James Rudzinski, testified that he was delivering pizzas when he noticed he was being followed by a white car. Returning to his vehicle from one residence, he was confronted by a man who had emerged from the passenger seat of the white car. The man asked him how late Papa John's was open and what specials they were offering. Then the man pulled a knife from the pocket of his hoodie sweatshirt, held it "toward" the driver, and demanded his money. Rudzinski gave the man all the Papa John's money he had. The man took the money and returned to the car. When the car left, Rudzinski followed it to get the license plate number. When he had it, he called 911.

At that point, law enforcement responded to the area. The man who robbed Rudzinski eluded police. The driver of the car, Christopher Lakey, hid in a park while officers searched around him. Lakey called his girlfriend, Charann Handl. Because the license plate Rudzinski reported had been traced to her, the police were at her residence when Lakey called her. She told Lakey the police were there looking for him and asked him to turn himself in. He agreed and was apprehended.

At trial, Lakey testified that Ridgley accompanied him at both robberies. A jailhouse informant, Jennings, testified that Ridgley told him about robbing a pizza delivery driver at knifepoint in Great Falls. Representatives from Pizza Hut and Papa John's testified that the money taken from the drivers was business "bank," that is, cash payments for delivered pizzas and money sent with the drivers to enable them to make change. They also testified to the out-of-state sources of the businesses' food and delivery supplies and interstate transfers of the businesses' money.

At the close of the evidence, the Court granted a judgment of acquittal on Count 2, because the United States failed to introduce any evidence that the gun Paranteau saw was a real gun. The jury convicted Ridgley on Counts 1 and 3. Verdict (Doc. 86); Judgment of Acquittal (Doc. 94).

On April 2, 2012, Ridgley was sentenced to serve a total of 104 months in prison, to be followed by a three-year term of supervised release, with the federal

sentence to run consecutive to any undischarged state sentence. Minutes (Doc. 106); Judgment (Doc. 107) at 2-3.

Ridgley appealed, challenging the jury instruction defining the required jurisdictional element and the sufficiency of the evidence. On March 15, 2013, his convictions were affirmed. Mem. at 2-3, *United States v. Ridgley*, No. 12-30145 (9th Cir. Mar. 15, 2013) (unpublished disp.) (Doc. 129). He filed a petition for writ of certiorari. It was denied on October 7, 2013. Clerk Letter (Doc. 132) at 1.

Ridgley timely filed his motion under 28 U.S.C. § 2255 on September 30, 2014. His supplement, however, filed on March 5, 2015, Supp. (Doc. 141) at 3, is untimely. *See* 28 U.S.C. § 2255(f)(1); *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012); *see also Houston v. Lack*, 487 U.S. 266, 270-71 (1988).

### III. Ridgley's Claims

Ridgley alleges, first, that the prosecution violated the Local Rules of this Court when it failed to produce, within 14 days of his arraignment, all "Brady, Giles & Giglio evidence to the Defense" concerning his co-defendant, two other witnesses, Jenkins and Handl, and all law enforcement agents. Mot. § 2255 (Doc. 135) at 5; Mem. (Doc. 139) at 1-2.

Second, Ridgley contends that his right to confront Jennings, Handl, and Officer Virts of the Havre Police Department was violated. Mot. § 2255 at 5; Mem. at 2-3.

5

Third, Ridgley claims the indictment was insufficient because it did not set forth each element of the crimes, including the jurisdictional element. He appears also to argue that the verdict form should have set forth the elements as well. Mot. § 2255 at 7; Mem. at 3-6. In addition, he asserts that guilt must be proved beyond reasonable doubt and not merely by a preponderance of the evidence; this claim is aimed at the jurisdictional element. Mot. § 2255 at 7.

Fourth, Ridgley claims counsel was ineffective because he failed to press Ridgley's first three claims at trial and on appeal. Mot. § 2255 at 8; Mem. at 6-7.

In his supplement, Ridgley alleges a violation of his rights under the Speedy Trial Act, 18 U.S.C. § 3161, the Speedy Trial Clause of the Sixth Amendment, and the Due Process Clause of the Fifth Amendment. Supp. (Doc. 141) at 1.

### IV. Analysis

Claims not raised on direct appeal are defaulted. *Bousley v. United States*, 523 U.S. 614, 621-23 (1998). Ridgley contends that counsel's failure to raise these claims was ineffective. Mot. § 2255 at 4-10; Mem. at 6, 7. Consequently, as to each claim, he must show both that it was unreasonable for counsel to fail to raise the claim, *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), and that he was prejudiced by the violation he asserts, *Bousley*, 523 U.S. at 622.[1] For the following reasons, it was not unreasonable for counsel to fail to raise these claims.

---

[1] Ridgley adduces no new evidence tending to show he did not commit the robberies.

**A. Discovery**

This District's local rules require the United States to produce discovery under Fed. R. Crim. P. 16 no later than 14 days after arraignment. Exculpatory or impeachment material of the sort described in *Brady v. Maryland*, 373 U.S. 83, 87 (1963), *Giles v. Maryland*, 386 U.S. 66 (1967) (plurality op.), and *Giglio v. United States*, 405 U.S. 150 (1972), must be disclosed "in a timely manner," but not later than seven days before trial. D. Mont. L.R. CR 16.1(a); *see generally Giles*, 386 U.S. at 101-02 (Fortas, J., concurring) (comparing Rule 16 and *Brady*); *id.* at 117-18 & n.10 (Harlan, J., dissenting) (same). Prior, non-exculpatory statements of a witness need not be produced to the defendant until after the witness has testified on direct examination. 18 U.S.C. § 3500(b).

Ridgley complains only that *Brady*-type material was not disclosed within 14 days of arraignment. It was not required to be disclosed at that time.[2] Moreover, neither Ridgley nor the record of the case suggests prejudice from any tardy disclosure. This claim lacks merit.

**B. Hearsay**

Ridgley complains that testimony given by the jailhouse informant Jennings, Lakey's girlfriend Handl, and Havre police officer Virts was hearsay. Ridgley

---

[2] There is no "automatic discovery inventory letter," Mem. at 2, at least, not in this District. Evidence of "prior bad acts," *id.*, must be disclosed only if possessed by the prosecution team and if exculpatory or relevant to credibility. The prosecution is certainly not required to find and disclose evidence of every prior bad act of every prosecution witness.

asserts they "testified to what someone told someone whom told him of the alleged circumstances of what happened concerning Ridgley." Mem. at 3.

These witnesses' testimony, however, was not so attenuated. Jennings and Virts both testified to what Ridgley said to them. Trial Tr. (Doc. 117) at 86:12-87:15, 91:2-24, 177:4-180:13. By definition, testimony to what a defendant said, given by a person who heard him say it, is not hearsay. Fed. R. Evid. 801(d)(2)(A).

Handl testified that she was at her home with Lakey when he "received a phone fall from [Ridgley] stating that he needed a ride somewhere to pick up some money." She said that Lakey then left the house. Trial Tr. (Doc. 119) at 174:13-24. To the extent this statement was offered to prove the truth of its contents, it was hearsay, but its prejudicial effect was very slight. No disputed issue turned on whether Ridgley called Lakey or asked for a ride or said that he needed to "pick up some money." Lakey testified in detail about the Papa John's robbery, and Jennings testified that Ridgley confessed to it.

Ridgley's claim that he was deprived of his right to confront these witnesses is frivolous. They testified at trial to statements made by Ridgley himself. *See generally Crawford v. Washington*, 541 U.S. 36, 59 (2004).

**C. Indictment**

"In a Hobbs Act robbery prosecution, the government is required to prove two things: (1) that the defendant either committed or attempted to commit a

8

robbery, and (2) a nexus between the defendant's acts and interstate commerce." *United States v. Woodruff*, 122 F.3d 1185, 1185 (9th Cir. 1997); 18 U.S.C. § 1951(a). The indictment charged Ridgley with "knowingly, deliberately, and unlawfully threaten[ing] force to take . . . cash monies, thereby affecting commerce, in violation of 18 U.S.C. §§ 1951(a) and 2." Indictment (Doc. 1) at 2-3. It alleged both a robbery and that the robbery affected commerce. It was not required to allege "how interstate commerce was interfered with" or to "state any theory of interstate impact." *United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995).[3] Because it correctly alleged the elements of the offense, it fairly apprised Ridgley of what was charged against him, so that he could prepare a defense, and it also protected him against double jeopardy. *United States v. Rodriguez*, 360 F.3d 949, 958 (9th Cir. 2004).

The verdict form was not required to allege elements; in fact, the practice is discouraged. *See United States v. Gallishaw*, 428 F.2d 760, 766 (2d Cir. 1970). The verdict form used here referred to Count 1 and to Count 3 "as alleged in the Indictment." Verdict (Doc. 86) at 1-2. The allegations of each count of the indictment were contained in the jury's instructions. Jury Instructions (Doc. 89) at 17, 22; *see also* Trial Tr. (Doc. 119) at 212:11-13.

---

[3] The first *Woodruff* opinion, in 1995, reversed the district court's dismissal of an indictment. The second *Woodruff* opinion, in 1997, was the same defendant's appeal following his conviction at trial.

9

Because he refers to a "low standard of proof," Mot. § 2255 at 7, it appears that Ridgley claims the instruction requiring the United States to show only a *de minimis* impact on interstate commerce violates the general rule that each element of the offense must be proved beyond reasonable doubt. *See In re Winship*, 397 U.S. 358, 364 (1970). But the law does not require the prosecution to show a sufficiently large impact on interstate commerce to make it unreasonable to doubt there was an impact on interstate commerce. The law only required the United States to prove beyond reasonable doubt that there was at least a *de minimis* impact on interstate commerce. There is a difference, in other words, between proving a 9 or 10 on a scale of 1 to 10, and proving a 1 or 2 on a scale of 1 to 10 beyond reasonable doubt. The United States was required to prove the latter. It did so. Mem. at 2-3 ¶¶ 1-2, *Ridgley*, No. 12-30145 (Doc. 129).

**D. Speedy Trial**

Ridgley claims he was subjected to an unreasonable delay of three and a half years. Supp. at 1-2. The robberies occurred in January 2011. Ridgley was indicted in August 2011. He was arraigned on October 25, 2011. His trial commenced on December 13, 2011, 48 days after his arraignment. The speedy trial clock commences on the date of the defendant's indictment or the date of his first appearance in the indicting court, whichever occurs last. 18 U.S.C. § 3161(c)(1). Less than a year passed between his commission of the crimes and his conviction

at trial, and less than four months passed between his indictment and his conviction. *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992).

In addition to being time-barred under 28 U.S.C. § 2255(f)(1), *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012), Ridgley's speedy trial claim is frivolous.

### E. Ineffective Assistance of Counsel

Ridgley cannot show that counsel's failure to raise any of the foregoing claims was unreasonable. Nor is there any reasonable probability that he would have been acquitted if counsel had raised any of those claims. *Strickland*, 466 U.S. at 694.

### F. Conclusion

With the exception of Ridgley's claim of ineffective assistance of counsel, *Massaro v. United States*, 538 U.S. 500, 509 (2003), all of his claims are procedurally defaulted. More fundamentally, all also lack merit. Because they all lack merit, it was not unreasonable for counsel to fail to raise them. *Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005). All of Ridgley's claims are denied for lack of merit.

### V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255

Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

None of Ridgley's claims meets even the relatively low threshold of 28 U.S.C. § 2253(c)(2). Ridgley misstates the rule governing the time at which exculpatory or impeachment materials must be disclosed, and there is no reason to suppose he was prejudiced. The hearsay of which he complains consisted of his own statements made to witnesses who testified to those statements at trial. The indictment sufficiently alleged both elements of a Hobbs Act violation, and the verdict form was not required to allege elements. The speedy trial claim is frivolous. Even without allowing for excludable time under 18 U.S.C. § 3161(h), only 48 days passed between Ridgley's arraignment and his trial, and less than a year passed between his commission of the crimes and his conviction at trial. Because Ridgley's claim of ineffective assistance of counsel depends on one or more of these claims having merit, it too lacks merit. A certificate of appealability is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Ridgley's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 135, 139, 141) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Ridgley files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 14-71-GF-BMM are terminated and shall close the civil file by entering judgment in favor of the United States and against Ridgley.

DATED this 18th day of March, 2015.

                                                /s/ Brian M. Morris
                                                Brian M. Morris
                                                United States District Court