IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HUGH CLARENCE RIDGLEY,<br><br>Defendant. | CR 11-75-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Hugh Clarence Ridgley (Ridgley) has been accused of violating the conditions of his supervised release. Ridgley admitted all of the alleged violations. Ridgley's supervised release should be revoked. Ridgley should be placed in custody for 2 months, with 34 months of supervised release to follow. Ridgley should serve the first 180 days of supervised release at a residential re-entry center.

## II. Status

Ridgley was convicted of two counts of Robbery on December 14, 2011, following a jury. (Doc. 86). The Court sentenced Ridgley to 104 months of custody, followed by 3 years of supervised release. (Doc. 107). Ridgley's current

term of supervised release began on June 26, 2020.  (Doc. 170 at 1).

**Petition**

The United States Probation Office filed a Petition on September 11, 2020, requesting that the Court revoke Ridgley's supervised release.  (Doc. 170).  The Petition alleged that Ridgley had violated the conditions of his supervised release by using methamphetamine on two separate occasions.  (Doc. 170 at 2).

**Initial appearance**

Ridgley appeared before the undersigned for his initial appearance on September 29, 2020.  Ridgley was represented by counsel.  Ridgley stated that he had read the petition and that he understood the allegations.  Ridgley waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on September 29, 2020.  Ridgley admitted that he had violated the conditions of his supervised release by using methamphetamine of two separate occasions.  The violations are serious and warrant revocation of Ridgley's supervised release.

Ridgley's violations are Grade C violations.  Ridgley's criminal history category is IV.  Ridgley's underlying offenses are Class C felonies.  Ridgley could

be incarcerated for up to 24 months. Ridgley could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

### III. Analysis

Ridgley's supervised release should be revoked. Ridgley should be incarcerated for 2 months, with 34 months of supervised release to follow. Ridgley should serve the first 180 days of supervised release at a residential re-entry center. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Ridgley that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Ridgley of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Ridgley that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Ridgley stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

That Hugh Clarence Ridgley violated the conditions of his supervised release by using methamphetamine of two separate occasions.

The Court **RECOMMENDS:**

That the District Court revoke Ridgley's supervised release and commit Ridgley to the custody of the United States Bureau of Prisons for 2 months, with 34 months of supervised release to follow. Ridgley should serve the first 180 days of supervised release at a residential re-entry center.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 30th day of September, 2020.

John Johnston
United States Magistrate Judge