**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CR-11-75-GF-BMM** |
| Plaintiff, | |
| vs. | **ORDER** |
| HUGH CLARENCE RIDGLEY, | |
| Defendant. | |

**INTRODUCTION**

Defendant Hugh Clarence Ridgley ("Ridgley") moved for declaratory relief

and termination of his registration requirement. (Doc. 223.) Ridgley requests that

the Court (1) "declare his federal conviction is not substantially similar to any

offence under Montana law requiring registration;" and (2) "terminat[e] any

obligation to register under Montana law based on that conviction." (*Id*. at 1.) The

Government opposes the motion. (Doc. 224.) The Court denies Ridgley's motion.

**BACKGROUND**

A jury convicted Ridgley of two counts of Robbery Affecting Commerce in

violation of 18 U.S.C. 1951(a) and 2. (Doc. 86.) The Government proved beyond a

reasonable doubt the following elements of the offense of Robbery Affecting

Commerce: (1) Ridgley unlawfully took personal property from [another] by using

1

actual or threatened force against him; (2) Ridgley acted with the intent to obtain property that he knew he was not entitled to receive; and (3) commerce from one state to another state was affected in some way by defendant's unlawful act. (Doc. 89 at 20 and 25.)

## LEGAL STANDARD

A person convicted of a violent offense under Mont. Code Ann. § 46-23-502 must register as a violent offender following a sentence of confinement. Mont. Code Ann. § 46-23-504. Montana Code Annotated § 46-23-502(14)(a)(xii) defines a violent offense to include the offense of robbery as defined under Mont. Code Ann. § 45-5-401. Robbery means a person "threatens to inflict bodily injury upon any person or purposely or knowingly puts another person in fear of immediate bodily injury" while committing a theft. Mont. Code Ann. § 45-5-401(1)(b). A person convicted for a federal violation may be required to register under Montana law if the federal conviction is "reasonably equivalent to a violation listed in subsection 14(a)." Mont. Code Ann. § 46-23-502(14)(b).

## DISCUSSION

Ridgley argues that his federal conviction of Robbery Affecting Commerce in violation of 18 U.S.C. 1951(a) is not "substantially similar" to any Montana offense requiring registration. (Doc. 223 at 2.) Ridgley contends that due to the

2

dissimilarity, the Court should terminate his registration requirement. (*Id.*) The Court disagrees.

The elements of Ridgley's federal conviction of Robbery Affecting Commerce appear reasonably equivalent to a violation listed in subsection 14(a) of Mont. Code Ann. § 46-23-502. Montana's robbery statute includes reasonably equivalent elements to Ridgley's conviction of Robbery Affecting Commerce in violation of federal law. Both Montana's robbery charge and the federal robbery charge include a theft taking place. Both Montana's robbery charge and the federal robbery charge include the defendant threatening to, or inflicting bodily injury, on another during the theft.

The jury found Ridgley to have unlawfully taken property from another, a theft, by using force or threatened force against another. The Court finds that Ridgley's federal violation of Robbery Affecting Commerce in violation of 18 U.S.C. 1951(a) remains the "reasonable equivalent" of a robbery violation as defined in Mont. Code Ann. § 45-5-401. Ridgley must register as a violent offender.

## ORDER

Accordingly, **IT IS ORDERED** that Ridgley's Motion for Declaratory Relief and Termination of Registration Requirement (Doc. 223) is **DENIED**.

Dated this 20th day of May 2026.

Brian Morris, Chief District Judge
United States District Court